UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HARRY NIE, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:15-cv-01788 |
| | ) | Assigned To : Unassigned |
| v. | ) | Assign. Date : 10/20/2015 |
| | ) | Description: Pro Se Gen. Civil  G Deck |
| GOVERNMENT OF THE | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint.

The plaintiff explains that, he "was convicted in Prince William[] County Circuit Court, Manassas, Virginia, by coerced plea guilty of multiplicitous carbon copy counts of rape/incest and aggravated sexual battery, without justifiable evidences," Compl. ¶ 10, and that he "was sentenced to [a] total of one hundred years, total of suspended sentence of eighty years, and total of active sentence of twenty years," *id.* ¶ 11. He currently is incarcerated at the Coffeewood Correctional Center in Virginia. *Id.* ¶ 12. Since his conviction in September 2009, the plaintiff has sought habeas relief in both the Virginia courts and in federal courts without success. *See generally id.* ¶¶ 13-39. Generally, the plaintiff alleges that the defendants have violated his constitutionally protected rights by "failing to execute faithfully the laws of the land," *id.* ¶ 40, presumably because they failed to ensure that the plaintiff's federal habeas petition was deemed timely filed, *see id.* ¶ 44. He demands declarative and injunctive relief, as well as all the relief he has demanded in prior habeas petitions. *See id.* ¶¶ 81-85.

Insofar as the plaintiff continues to challenge his convictions in the Virginia courts, he has no recourse in this federal district. Federal court review of state convictions is available under 28 U.S.C. § 2254, but only after the exhaustion of available state remedies. *See* 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [the plaintiff] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). To the extent that petitioner has exhausted his state remedies, his federal recourse lies in the United States District Court for the Eastern District of Virginia.

Accordingly, the Court will dismiss the complaint and this civil action. An Order is issued separately.

DATE:

10/16/15

_____
United States District Judge